IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRIAN VRATORIC and ELLEN VRATORIC,

    Plaintiffs,

    v.

STOWE TOWNSHIP, *a municipality*, STOWE
TOWNSHIP POLICE DEPARTMENT, CHIEF
FRANK MARCIW, OFFICER MOLLY A.
CONNOLLY, and OFFICER ERICA MILLER,

    Defendants.

09cv0600
**ELECTRONICALLY FILED**

## MEMORANDUM AND ORDER OF COURT

AND NOW, after careful consideration of the Motions to Dismiss at doc. nos. 13 and 15, briefs in support at doc. nos. 14 and 16, and brief in opposition at doc. no. 21, the Court will GRANT IN PART said Motions to Dismiss. The following claims are HEREBY DISMISSED:

1. Count I: Defendant Stowe Township Police Department is dismissed, withdrawn by plaintiffs. (Doc. No. 21 at 9).

2. Count I: Plaintiff Ellen Vratoric's Section 1983 First Amendment claims against Officer Erica Miller are dismissed, withdrawn by plaintiff. (*Id.* at 4).

3. Count I: Plaintiff Ellen Vratoric's Section 1983 First Amendment claims against Stowe Township, Chief Frank Marciw, and Officer Molly Connolly in their individual capacities are dismissed, because the plaintiff has failed to aver sufficient facts to sustain these claims, without prejudice to file an amended complaint.

4. Count I: Plaintiff Ellen Vratoric's Section 1983 First Amendment claims against Chief Frank Marciw and Officer Connolly in their official capacities are dismissed

because the plaintiff has failed to aver sufficient facts to sustain these claims. In addition, the claims are dismissed because in *Kentucky v. Graham*, 473 U.S. 159, 169 n. 14 (1885), the United States Supreme Court wrote that "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly . . . ." Suits against individual officers in their official capacity equates to naming the municipality as a defendant multiple times. *See Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 424, 432 (E.D. Pa. 1998). In addition, differentiating facts for claims against the municipality, officers in their official capacity, and officers in their individual capacity would confuse the jury. *See Swedron v. Baden Borough*, 2008 U. S. Dist. LEXIS 94891, *12 (W.D. Pa. Nov. 21, 2008).

5. Count I: Plaintiff Ellen Vratoric's Section 1983 Fourteenth Amendment claims are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 5).

6. Count I: Plaintiff Brian Vratoric's Fifth, Eighth, and Fourteenth Amendment claims are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 8).

7. Count I: Plaintiff Brian Vratoric's Section 1983 First Amendment claims against Officer Erica Miller are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 6).

8. Count I: Plaintiff Brian Vratoric's Section 1983 First and Fourth Amendment claims against Chief Frank Marciw, Officer Molly Connolly, and Officer Erica Miller in their official capacities are dismissed. See reasoning in paragraph 4 above.

9. Count II:   Plaintiff Brian Vratoric's Fifth, Eighth, and Fourteenth Amendment claims for punitive damages are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 8).

10. Count II:   Plaintiff Brian Vratoric's First Amendment Officer Erica Miller in her official and individual capacity are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 6).

11. Count II: Plaintiff Brian Vratoric's First Amendment claims for punitive damages against Chief Frank Marciw and Officer Molly Connolly in thier official capacities are dismissed.  See reasoning in paragraph 4 above.

12. Count II:  Plaintiff Brian Vratoric's Fourth Amendment claims for punitive damages against Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their official capacities are dismissed.  See reasoning in paragraph 4 above.

13. Claim IV:  Defendant Stowe Township Police Department is dismissed, withdrawn by plaintiffs.  (Doc. No. 21 at 9).

14. Claim IV:  Plaintiff Ellen Vratoric's conspiracy claims are dismissed against Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their official capacities.  See reasoning in paragraph 4 above.

15. Claim IV: Plaintiff Ellen Vratoric's conspiracy claims against Stowe Township and against  Chief Frank Marciw, Officer Molly Connolly, and Officer Erica Miller in their individual capacities are dismissed, because plaintiff has failed to aver sufficient facts to sustain these claims, without prejudice to file an amended complaint.

16. Claim IV: Plaintiff Brian Vratoric's conspiracy claims against Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their official capacities are dismissed. See reasoning in paragraph 4 above.

17. Claim V: Plaintiff Brian Vratoric's assault and battery claims against Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their official capacities are dismissed. See the Pennsylvania Political Subdivisions Tort Claims Act ("Tort Claims Act"). 42 Pa. C. S. A. § 8541, *et seq.* The Tort Claims Act applies not only to government agencies and employees, but also to municipalities and its employees. *See Manolovich*, 2009 U.S. Dist. LEXIS 43383, *15-16 (W.D. Pa. May 21, 2009); *Swedron*, 2008 U.S. Dist. LEXIS 94891, *11-13. The immunity grant does have limitations. Section 8542 (b)[1] provides exceptions to governmental immunity; however, none apply in this situation. *Hellman v. Kercher*, 2009 U.S. Dist. LEXIS 54882, *17 (W. D. Pa. March 6, 2009); *See also Manolovich,* at *15-16 (where suits against both the municipality and police officers in their official capacity were dismissed because none of the eight exceptions outlined in Section 8542 (b) applied).

18. Claim VI: Plaintiff Ellen Vratoric's claims for compensatory damages for intentional infliction of emotional distress are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 5-6).

---

[1] Section 8542(b) outlines the following exceptions to governmental immunity: "(1) vehicle liability; (2) care, custody or control of personal property; (3) real property; (4) trees, traffic controls and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody or control of animals." *Hellman*, at *17.

19. Claim VI: Plaintiff Brian Vratoric's claims for compensatory damages for intentional infliction of emotional distress against Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their official capacities are dismissed. See reasoning in paragraph 17 above.

20. Claim VII: Plaintiff Ellen Vratoric's claims for punitive damages for intentional infliction of emotional distress are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 5-6).

21. Claim VII: Plaintiff Brian Vratoric's claims for punitive damages for intentional infliction of emotional distress against Chief Frank Marciw and Officer Molly Connolly in their official capacities are dismissed. See reasoning in paragraph 17 above.

22. Count VIII: Plaintiff Ellen Vratoric's claims for malicious prosecution are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 6).

23. Count VIII: Plaintiff Brian Vratoric's claims for malicious prosecution are dismissed, withdrawn by plaintiff. (Doc. No. 21 at 8-9).

Defendants' Motions to Dismiss are HEREBY DENIED for the following claims:

24. Count I: Plaintiff Brian Vratoric's Section 1983 First Amendment claims against Stowe Township and Chief Frank Marciw and Officer Molly Connolly in their individual capacities as well as Brian Vratoric's Fourth Amendment claims against Stowe Township and Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their individual capacities.

25. Count II:  Plaintiff Brian Vratoric's Section 1983 First Amendment claims against Stowe Township and Chief Frank Marciw and Officer Molly Connolly in their individual capacities as well as Brian Vratoric's Fourth Amendment claims against Stowe Township and Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their individual capacities.

26. Count III: Plaintiff Brian Vratoric's Section 1983 First and Fourth Amendment claims against Stowe Township.

27. Claim IV: Plaintiff Brian Vratoric's conspiracy claim against Stowe Township and Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their individual capacities.

28. Claim V:  Plaintiff Brian Vratoric's assault and battery claims against Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their individual capacities.  *See* 42 Pa. C. S. A. § 8550 (stating willful misconduct as an exception to immunity).

29. Claim VI: Plaintiff Brian Vratoric's claims for compensatory damages for intentional infliction of emotional distress against Chief Frank Marciw and Officers Molly Connolly and Erica Miller in their individual capacities.  *See Id.*

30. Claim VII: Plaintiff Brian Vratoric's claims for punitive damages for intentional infliction of emotional distress against Chief Frank Marciw and Officer Molly Connolly in their individual capacities.  *See Id.*

The plaintiffs may file an Amended Complaint conforming to this Order on or before July 8, 2009, and defendants may file Responsive Pleadings on or before July 18, 2009.

SO ORDERED this 24th day of June, 2009.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: all counsel of record